UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOE B. PHILLIPS, *and* DOROTHY J. PHILLIPS, | § | |
| | § | |
| *Appellants*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-355 |
| | § | ADVERSARY NO. 09-37654 |
| RODNEY TOW, *Chapter 7 Trustee*, | § | |
| | § | |
| *Appellee*. | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a bankruptcy appeal by debtors Joe B. Phillips and Dorothy J. Phillips (collectively, the "Phillips") of the Bankruptcy Court's interlocutory orders. Dkt. 11. After considering the arguments, the related briefing, the evidence of record, and the applicable law, the court is of the opinion that the Bankruptcy Court's orders should be AFFIRMED.

**I. BACKGROUND**

This is a bankruptcy appeal. Dkt. 11. This appeal arises out of a series of orders and objections issued or filed between November 17, 2016, and January 13, 2017. The issues presented on appeal relate specifically to the Chapter 7 trustee, Rodney Tow ("Tow"), and the trustee's counsel, Ashby, LLP ("Ashby"). *Id*.

On November 17, 2016, the Bankruptcy Court issued Findings of Fact and Conclusions of Law ("FOF & COL")[1] (Dkt. 4-66) that provided the Court's justification on two orders: (1) an order denying the Phillips's motion to remove Tow as Chapter 7 trustee (the "Trustee Order"), and (2) an

---

[1] Bankruptcy courts submit Findings of Fact and Conclusions of Law pursuant to Federal Rule of Civil Procedure 52, as incorporated into Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure. Fed. R. Civ. P. 52; Fed. R. Bankr. P. 7052, 9014.

order granting in part and denying in part Ashby's application for compensation and reimbursement (the "Ashby Order"). Dkts. 4-67, 4-68.

On December 5, 2016, the Phillips filed an objection (the "Objection") to the FOF & COL, but not to the Ashby Order and the Trustee Order directly. Dkts. 4-71; 4-72. The Phillips claimed in the Objection that the Bankruptcy Court erred in issuing the Trustee Order and the Ashby Order and challenged the reasoning of the FOF & COL. Dkt. 4-72. The Phillips asserted that Ashby was overpaid for unnecessary work, that Tow had failed to comply with various rules of the Federal Rules of Bankruptcy Procedure, and that Tow illegally sold the Phillips's property. *Id.* Correspondingly, the Phillips argued that Ashby should not have been granted compensation and that Tow should have been removed as trustee. *Id.*

On January 13, 2017, the Bankruptcy Court struck the Phillips's Objection. Dkt. 4-75. The Bankruptcy Court interpreted the Objection as a notice of appeal. *Id.* While the Phillips's pleadings were entitled "Objection," the Objection contained references to standards of review for an appeal and requested review by a district court. Dkts. 4-71; 4-75. The deadline for filing an appeal was December 1, 2016—four days before the Phillips's filing. Dkts. 4-75; 15. Accordingly, the Bankruptcy Court struck the Objection as an untimely appeal. Dkt. 4-75.

On January 26, 2017, the Phillips filed a notice of appeal on the Bankruptcy Court's decision to strike the Phillips's Objection. Dkt. 4-78; Dkt. 11. The Phillips's arguments on appeal mirror the arguments made in their Objection. *Compare* Dkt. 11 at 9 (arguing that authority to enter final judgment in a bankruptcy proceeding lies beyond a bankruptcy judge's constitutional powers), *with* Dkt. 4-71 at 13 (same). To the extent that the Phillips appeal the Bankruptcy Court's orders, their grievances gravitate around two issues: (1) the Phillips argue that the Bankruptcy Court erred in

striking the Phillips's Objection as an untimely filing of notice of appeal; and (2) the Phillips argue that the Bankruptcy Court erred in issuing the Trustee Order and the Ashby Order.

## II. STANDARD OF REVIEW

In reviewing a decision of the Bankruptcy Court, this court functions as an appellate court, applying the standards of review generally applied in federal appeals courts. *Webb v. Reserve Life Ins. Co.* (*In re Webb*), 954 F.2d 1102, 1103–04 (5th Cir. 1992); *see also Coston v. Bank of Mavren* (*In re Coston*), 991 F.2d 257, 261 n.3 (5th Cir. 1993) (en banc) (citing *Griffith v. Oles* (*In re Hipp, Inc.*), 895 F.2d 1503, 1517 (5th Cir. 1990)). This court reviews discretionary decisions under an abuse of discretion standard, but it analyzes the legal conclusions that guide the Bankruptcy Court's determinations *de novo* and the Bankruptcy Court's findings of fact for clear error. *In re ASARCO, L.L.C.*, 702 F.3d 250, 257 (5th Cir. 2012). "A court abuses its discretion when it bases its decision on an erroneous legal conclusion or on a clearly erroneous finding of fact." *McGary v. Scott*, 27 F.3d 181, 183 (5th Cir. 1994). *De novo* review requires an appeals court to assess the legal issues on the merits without deference to the lower court's conclusions. *See Pierce v. Underwood*, 487 U.S. 552, 560, 108 S. Ct. 2541 (1988).

## III. ANALYSIS

The central issue presented on appeal is whether the Bankruptcy Court abused its discretion in striking the Phillips's Objection. Underlying that issue, however, is whether the Bankruptcy Court properly interpreted the Phillips's Objection as a notice of appeal. *See* Dkt. 4-75. If the Objection was actually a notice of appeal, then this court must determine if the notice of appeal was filed within the fourteen-day deadline. Fed. R. Bankr. P. 8002. If the Phillips timely filed a notice of appeal, then the court would have jurisdiction to review the Trustee Order and the Ashby Order. *See In re Berman-Smith*, 737 F.3d 997, 1000 (5th Cir. 2013). This court will first address whether

the Bankruptcy Court erred when it interpreted the Phillips's Objection as a notice of appeal and then decide whether the appeal was timely.

## A. Interpreting Objection as an Appeal

The Phillips argue that the Bankruptcy Court erred or abused its discretion in striking their Objection. Dkt. 11 at 3. The Phillips argue that the Bankruptcy Court should not have stricken their Objection because they complied with the Federal Rules of Bankruptcy Procedure, as amended on December 1, 2016. Dkt. 11 at 12. Because the Phillips filed their Objection on December 5, 2016, which they claim is within the fourteen-day filing deadline, the Phillips argue that this entitles them to an appeal.

The Bankruptcy Court struck the Objection because it interpreted the documents as an attempt to file a notice of appeal of the Trustee Order and the Ashby Order. Dkt. 4-75 at 2. The Bankruptcy Court held that the Objection contained the following statement: "*In a bankruptcy appeal*, the district court reviews finds [sic] of fact for clear error and issues of law de novo." *Id.*; Dkt. 4-71 at 12. Because bankruptcy courts liberally construe notices of appeal, the Bankruptcy Court treated the Objection as such and struck it as untimely. Dkt. 4-75 at 3 (citing *In re Blast Energy Servs., Inc.*, 593 F.3d 418, 424 n.3 (5th Cir. 2010)); *see In re Barron*, 325 F.3d 690, 692 (5th Cir. 2003). In response, Tow characterizes the matter succinctly: "[t]he relief Appellants are seeking is for this Court to review the Ashby Order and the Trustee Order," and not the Objection itself. Dkt. 15 at 9.

The court agrees with Tow. To the extent that the Objection is a notice of appeal, the Phillips's claims center around one theme: the Bankruptcy Court was wrong to strike their Objection because the Bankruptcy Court was wrong to issue the Trustee Order and the Ashby Order in the first place. Dkt. 11 at 2–3.

An appellate court "is 'lenient' in interpreting notices of appeals, and maintains 'a policy of liberal construction . . . where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party.'" *In re Blast Energy Services, Inc.*, 593 F.3d at 424 n.3 (quoting *C.A. Marine Supply v. Brunswick Corp.*, 649 F.2d 1049, 1056 (5th Cir. July 1981)). Appellate courts should consider an appeal even "if there is an error in designating . . . an appeal if the intent to appeal a particular judgment can be fairly inferred, and . . . the appellee is not prejudiced or misled by the mistake." *In re TransAmerican Natural Gas Corp.*, 978 F.2d 1409, 1414 (5th Cir. 1992) (citing *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991)).

The Phillips attempted to give notice of appeal by citing Federal Rule of Bankruptcy Procedure 8002, which sets the deadline for filing a notice of appeal, and Federal Rule of Bankruptcy Procedure 9033, which delineates the standard of review for proposed findings of fact and conclusions of law. Dkt. 4-71. Both rules relate to an appeal before a district court. The Phillips appear to be using their Objection as a means to appeal because they argue that, "[t]he Debtors/Appellants disagreed and appealed all Orders," referencing the Trustee Order and the Ashby Order—and not the order striking their Objection. Dkt. 11 at 7. In their amended statement of issues on appeal, the Phillips directly challenge the Bankruptcy Court's Trustee Order and the Ashby Order as if they were the subjects of the appeal. Dkt. 11 at 2–3. The Phillips "request[ed] oral testimony by District Court . . . [and] request[ed] District Court to review Bankruptcy Court hearing de novo." *Id*. at 2.

On its face, the Phillips seem to indicate that their Objection is an "appeal" when they use the word throughout the pleading. Dkt. 4-71. The Phillips contend that they "timely appealed the Trustee's Order and the Ashby LLP Order." *Id*. In their Objection, the Phillips request *de novo* review by a district court. Dkt. 4-71 at 2. Additionally, in a section entitled "Standards of Review,"

the Phillips argue that the "clearly erroneous" standard should apply in a district court's review of the bankruptcy proceedings. Dkt. 4-71 at 12 (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525 (1948) (bankruptcy appeal case)).

Further, the substance of the Phillips's Objection is on the Tow and Ashby Orders. The Phillips argue that Tow should be removed as trustee. Dkt. 11. The Phillips alleged that Tow committed three separate breaches of fiduciary duty and misconduct (Dkt. 11 at 5–7) and violated Bankruptcy Rules (Dkt. 11 at 9–12). These arguments need not be rehashed. The Phillips give little indication that their Objection is anything other than an appeal of the Trustee and Ashby Orders. Therefore, the court interprets the Phillips's Objection as an appeal.

Additionally, the Phillips improperly filed their Objection to the FOF & COL under Rule 9033, which governs proposed findings of fact and conclusions of law. Fed. R. Bankr. P. 9033. The Phillips argue that the Bankruptcy Court's FOF & COL, which addressed only the removal of Tow as Chapter 7 trustee and Ashby's fee application, are proposed findings of fact and conclusions of law, which require a district court to review all bankruptcy court rulings. *See* 28 U.S.C. § 157; Fed. R. Bankr. P. 9033(d); Dkt. 11. In support, the Phillips argue that *Stern v. Marshall* erased all distinction between core and non-core bankruptcy court proceedings. Dkt. 11 (citing 564 U.S. 462, 131 S. Ct. 2594 (2011)).[2] In light of that conclusion, the Phillips contend that all findings of fact and conclusions of law are actually proposed findings of fact and conclusions of law under Rule 9033. *Id*.

---

[2] Core proceedings are those squarely within the bankruptcy court's constitutional and statutory jurisdiction, while non-core proceedings are those not squarely within the bankruptcy court's constitutional and statutory jurisdiction. *See* 28 U.S.C. § 157. Non-core proceedings require proposed findings of fact and conclusions of law, which are reviewed by a district court. *See* 28 U.S.C. § 157(c)(1); Fed. R. Bankr. P. 9033.

Tow argues that Rule 9033 only applies when the Bankruptcy Court does not have constitutional authority to enter final orders. Fed. R. Bankr. P. 9033; Dkt. 15 at 8. *Stern* narrowly held that the Bankruptcy Court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on the creditor's proof of claim." 564 U.S. at 497; *see In re Frazin*, 732 F.3d 313, 318 (5th Cir. 2013). While the state law tortious interference claim in *Stern* was listed as a core proceeding under 28 U.S.C. § 157(b)(2)(C), the Court held that it was only resolvable by an Article III court. *See Stern*, 564 U.S. at 474; *In re Frazin*, 732 F.3d at 319. The core/non-core framework still applies to final orders; the Court merely highlighted a narrow type of proceeding that is unconstitutional, though statutorily permissible. *Id.*

*Stern* is not applicable to the instant case because the Orders do not involve state law. *Id.* The Bankruptcy Court has authority to enter final orders on the removal of a trustee and on the award of compensation. *See* 11 U.S.C. §§ 324, 330; *In re Southmark Corp.*, 163 F.3d 925, 929–30 (5th Cir. 1999) (citing *Northern Pipleline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S. Ct. 2858 (1982)) (noting that restructuring of debtor-creditor relations is at the core of federal bankruptcy power). A trustee's compliance with his or her duties and the determination of compensable fees for counsel are constitutional proceedings within the jurisdiction of the Bankruptcy Court. *See In re BP RE, L.P.,* 735 F.3d 279, 282 (5th Cir. 2013); *In re Airhart*, 473 B.R. 178, 181 (Bankr. S.D. Tex. 2012) (noting that a Bankruptcy Court has constitutional authority to enter final orders when the dispute is based on an express provision of the Code that does not involve state law).

The Bankruptcy Court was well within its discretionary powers to strike the Phillips's Objection. The Phillips filed under Rule 9033, which only applies to proposed findings of fact and conclusions of law. Fed. R. Bankr. P. 9033. The Bankruptcy Court's FOF & COL were final, not

7

proposed, so the Phillips's only recourse to challenge the FOF & COL was to file a notice of appeal. To the extent that the Phillips argue for the review of the Bankruptcy Court's actions in their Objection, they had to do so as a notice of appeal.

Therefore, in reviewing the Bankruptcy Court's interpretation of the Objection *de novo*, the court finds that the Objection was a notice of appeal. *See In re ASARCO*, 702 F.3d at 257. The Bankruptcy Court did not err when it interpreted the Phillips's Objection as a notice of appeal.

### B. Timely Filing Notice of Appeal

The Phillips argue that the Bankruptcy Court erred and abused its discretion when it struck the Phillips's Objection as an untimely filing of a notice of appeal. Dkt. 11 at 3. The Phillips assert that they timely filed the notice of appeal under several bankruptcy rules: (1) the prison mailbox rule under Bankruptcy Rule 8002(a), (2) the requirements for consent to final orders under Bankruptcy Rule 7008, and (3) the electronic filings standards under Bankruptcy Rule 9006(f). Fed. R. Bankr. P. 8002(a), 7008, 9006(f); Dkt. 11 at 8–9.

Tow responds that since the Bankruptcy Court issued the Trustee Order and Ashby Order on November 17, 2016, the deadline to file a notice of appeal was fourteen days after the Orders were entered—on December 1, 2016. *See* Fed. R. Bankr. P. 8002; Dkt. 15. Tow notes that the Phillips filed their Objection on December 5, 2017, which the Bankruptcy Court interpreted as a notice of appeal. Dkt. 4-75. Tow argues that because the Phillips filed an appeal past the fourteen-day deadline, the Phillips waived their right to appeal the Trustee Order and the Ashby Order. *Id*. To the extent that the Phillips attempt to raise those issues now as an appeal, Tow argues that they do so improperly. Dkt. 15.

The court agrees with Tow that the Phillips cannot appeal the Ashby Order, the Trustee Order, or the FOF & COL. The Phillips failed to file a notice of appeal within the fourteen-day

8

period from the date the Orders and the FOF & COL were entered. The language of Rule 8002 is clear, "a notice of appeal must be *filed* with the bankruptcy clerk within fourteen days *after entry* of the judgment, order or decree being appealed." Fed. R. Bankr. P. 8002 (emphasis added). After December 1, 2017, the Trustee Order, the Ashby Order, and the FOF & COL became final. Dkts. 4-66, 4-67, 4-68. *Pro se* litigants are charged with knowing the law and abiding by the rules of procedure—including filing deadlines. *See Muhammed v. Lone Star. Coll. Sys.*, 460 Fed. App'x. 341, 342 (5th Cir. 2012). The Trustee Order, the Ashby Order, and the FOF & COL thus fall outside the court's ambit of review because "when an appeal to the district court is untimely under Rule 8002(a), the district court lacks jurisdiction over the appeal." *In re Berman-Smith*, 737 F.3d at 1000. In addition, the Phillips's three arguments misinterpret and misapply the law to the instant case. First, the prison mailbox rule only applies to *pro se* prisoners. *Houston v. Lack*, 487 U.S. 266, 271, 108 S. Ct. 2379 (1988). Under the rule, a notice of appeal is filed the moment it is delivered to prison authorities for forwarding to a district court. *Id.* at 271. The Phillips were prisoners at one point, but they were both out of prison in time for an August 17, 2016 Bankruptcy Court hearing on the Fee Application and their Motion to Remove the Trustee. *See* Dkts. 4-56, 4-61, 4-62. They were not imprisoned between November 17, 2016, and December 1, 2016, when they could have filed an appeal. *See* Dkt. 4-62. Therefore, the prison mailbox rule does not apply here.

Second, Rule 7008 does not apply either; it relates only to adversary proceedings. Fed. R. Bankr. P. 7008. The Bankruptcy Court's FOF & COL did not resolve any adversarial proceeding, but ruled on the Phillips's attempts to remove the trustee and prevent Ashby's payment. Dkt. 4-66. Under the Federal Rules of Bankruptcy Procedure, these bankruptcy proceedings were not adversarial in nature. *See* Fed. R. Bankr. P. 7003; *In re Murphy*, 271 F.3d 629, 632 (5th Cir. 2001) ("Adversary proceedings . . . relate to proceedings commenced in the bankruptcy court . . . in

9

which one party seeks affirmative relief from another before a bankruptcy court sitting as a trial court over the matters in litigation before it.") (citation omitted). Because the Phillips never filed a complaint against Tow, no adversary proceeding ever commenced. *See* Fed. R. Bankr. P. 7003; *In re Murphy*, 271 F.3d at 633 ("Bankruptcy Rule 7003 requires that an adversary proceeding by commenced by the filing of a complaint.").

Finally, Rule 9006(f) does not apply here. Fed. R. Bankr. P. 9006(f). While Rule 9006 applies generally to the computation of time for motion papers in bankruptcy proceedings, it governs the calculation of time after service of process, not after the entry of an order. Fed. R. Bankr. P. 9006. "When there is a right or requirement to act or undertake some proceedings within a prescribed period after being served . . . three days are added after the prescribed period would otherwise expire." Fed. R. Bankr. P. 9006(f). Rule 9006(f) applies to the time period after service of process. Rule 8002(a) applies to notices of appeal, and the fourteen-day time period begins to run upon the entry of the order. *Matter of Arbuckle*, 988 F.2d 29, 31 (5th Cir. 1993). "Since the appeal time starts from the entry of the judgment and not from the service of the notice, the time for appeal is not enlarged by any service by mail." *Id.* (quotation omitted). In other words, the Phillips only had fourteen days from the entry of the Orders and the FOF & COL to appeal, and they did not file a notice of appeal by December 1, 2016.

The Bankruptcy Court did not abuse its discretion when it struck the Phillips's Objection as an untimely notice of appeal. The Phillips's appeal that this court find that the Bankruptcy Court erred or abused its discretion for issuing an order that the Phillips did not timely file a notice of appeal is DENIED. Concordantly, the Phillips's claim that the Bankruptcy Court erred in issuing the Trustee Order and the Ashby Order is DENIED.

## IV. Conclusion

The Phillips's appeal (Dkt. 11) is DENIED. The Bankruptcy Court's order striking the Phillips's Objection (Dkt. 4-75) is AFFIRMED.

Signed at Houston, Texas on August 14, 2017

_____
Gray H. Miller
United States District Judge